(C. D. 156)

L. OPPLEMAN, INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided May 2, 1939)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard E. Fitz-Gibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of bicycle bells. Duty was levied thereon at the rate of 70 per centum ad valorem under paragraph 364 of the Tariff Act of 1930, as amended by Presidential proclamation promulgated in T. D. 44998, 60 Treas. Dec. 21, which increased the rate applicable to bicycle bells from 50 to 70 per centum ad valorem. Said paragraph 364 reads:

PAR. 364. Bells (except church and similar bells and carillons), finished or unfinished, and parts thereof, 50 per centum ad valorem.

Said Presidential proclamation promulgated under authority of section 336, title III, part II, of the Tariff Act of 1930, so far as here pertinent, reads:

Now, therefore, I, Herbert Hoover, President of the United States of America, do hereby approve and proclaim an increase in the rate of duty expressly fixed in paragraph 364 of Title I of said act on bicycle, velocipede, and similar bells, finished or unfinished, and parts thereof, from 50 per centum *ad valorem* to 70 per centum *ad valorem*, the rate found to be shown by said investigation to be necessary to equalize such difference in costs of production.

The imported bells are claimed to be properly dutiable at the rate of 30 per centum ad valorem under the provision in said paragraph 371 for "Bicycles and parts thereof, not including tires."

At the hearing held on May 9, 1938, a sample of the involved bells was admitted in evidence as Exhibit 1. Also, as Illustrative Exhibit A, there was admitted in evidence a copy of the New York State Vehicle and Traffic Law, the pertinent portion of which reads:

ARTICLE 5–A

PROVISIONS APPLYING SPECIALLY TO BICYCLES

*Section 79. Equipment.*

§79. *Equipment.* Every bicycle, operated or driven upon any public highway in this State, shall be provided with * * * a suitable and adequate horn, bell, or other device, which shall produce a sound sufficiently loud to serve as a danger warning * * *.

At said hearing it was also stipulated by and between counsel for the respective parties as follows:

Mr. FITZGIBBON. I will concede that they (the imported bells) are parts of bicycles if Mr. Tompkins will concede that makes them bicycle bells, and then we will have only the question of whether the President was within his authority. [Words in parentheses ours.]

Mr. TOMPKINS. I am willing to stipulate that fact. * * *

It was also agreed between counsel that the New York State Vehicle and Traffic Law requires the use of a bell or other sounding device as part of the necessary equipment of a bicycle.

Upon this record counsel for the plaintiff in their exhaustive brief filed herein contend that the President exceeded the authority vested in him by the Congress under section 336 of said Tariff Act of 1930 in classifying the imported bells under said paragraph 364 rather than under the specific provision in paragraph 371 for parts of bicycles, thus resulting in increasing the rate of duty applicable to bicycle bells as parts of bicycles under said paragraph 371 by more than 50 per centum ad valorem.

In support of their contention counsel quote at some length from the decision of Chief Justice Taft in the case of *J. W. Hampton, Jr., & Co.* v. *United States*, 276 U. S. 394, T. D. 42706, in which the constitutionality of the so-called flexible provisions of the Tariff Act of 1922 was sustained by the Supreme Court of the United States.

Counsel argues that the language used in said decision clearly shows that the President was given no legislative or discretionary

powers, his authority being confined to ascertaining certain facts as to differences in costs of production and, if necessary, to proclaim a specified rate of duty based upon such facts; and that the President was merely the agent of the law-making department in ascertaining and declaring the event upon which the expressed will of the legislature was to take effect.

It is our opinion that the decision in *J. W. Hampton, Jr., & Co.* v. *United States, supra,* which, as before stated, arose under the Tariff Act of 1922, is not applicable to the provisions of said section 336 of the Tariff Act of 1930, for the reason that in the latter act the United States Tariff Commission is expressly given authority to recommend changes in the classification of merchandise and the President is authorized to approve such changes. The pertinent portions of said section 336 read:

SEC. 336. EQUALIZATION OF COSTS OF PRODUCTION.

(a) CHANGE OF CLASSIFICATION OR DUTIES.

\* \* \* \* \* \* \*

\* \* \* If the commission finds it shown by the investigation that the duties expressly fixed by statute do not equalize the differences in the costs of production of the domestic article and the like or similar foreign article when produced in the principal competing country, the commission shall specify in its report such increases or decreases in rates of duty expressly fixed by statute (including any necessary change in classification) as it finds shown by the investigation to be necessary to equalize such differences. In no case shall the total increase or decrease of such rates of duty exceed 50 per centum of the rates expressly fixed by statute.

\* \* \* \* \* \* \*

(c) PROCLAMATION BY THE PRESIDENT.—The President shall by proclamation approve the rates of duty and changes in classification and in basis of value specified in any report of the commission under this section, if in his judgment such rates of duty and changes are shown by such investigation of the commission to be necessary to equalize such differences in costs of production.

Counsel for the plaintiff concede that under section 336 of the Tariff Act of 1930 the President had authority to carve out and assess an increased rate of duty on certain merchandise such as bicycle bells which are not *per se eo nomine* specified in said tariff act, and which (but for wording of the Presidential proclamation) would fall within a catch-all or basket paragraph, citing *United States* v. *Fox River Butter Co.,* 20 C. C. P. A. 38, T. D. 45675, and *United States* v. *Sears, Roebuck & Co.,* 20 C. C. P. A. 295, T. D. 46086.

But counsel contend that the instant case expressly raises the issue which was set forth and distinguished in the *Sears, Roebuck* case, *supra,* in that the President has classified bicycle bells under the wrong paragraph, namely paragraph 364, resulting in an increase in the rate of duty fixed by statute thereon under the allegedly right paragraph, to wit, paragraph 371.

In support of this contention they quote the following language from the decision of the United States Court of Customs and Patent Appeals in *United States* v. *Sears, Roebuck & Co., supra:*

Another contention made by appellee is that it has not been judicially determined whether woven-wire netting of the character of the merchandise here involved is classifiable under paragraph 397, paragraph 317, or paragraph 318 of said Tariff Act of 1930; that it will require litigation finally to determine this question, and that to sustain the proclamation of the President herein it will be necessary for this court to determine, to quote from appellee's brief—

in advance of the question being presented in full, that "woven-wire fencing" and "woven-wire netting" are dutiable as manufactures of metal under paragraph 397, *supra*, rather than by similitude or otherwise as woven-wire cloth, fabric, etc., as provided for in paragraph 318, *supra.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

The answer to this contention is that if the President has classified merchandise of the character here involved under an incorrect paragraph, and the increase of duty fixed by his proclamation is greater than an increase of fifty per centum over the duty fixed in the paragraph under which the merchandise should have been classified, that question could have been presented in full upon the trial of this case in the court below and reviewed by us upon appeal.

If upon such trial, or review by us upon appeal, it was found that the President had exceeded his powers by classifying merchandise under the wrong paragraph, *resulting in an increase of duty greater than would have been proper had the merchandise been classified under the right paragraph*, then of course his proclamation would *be void* and the increase of duty provided for therein would not be effective. [Words italicized by counsel.]

The difficulty with this contention is that counsel assume that when President Hoover promulgated his said proclamation, bicycle bells were classifiable under said paragraph 371 as parts of bicycles. But apparently this was not the case. In *Mead Cycle Co. et al.* v. *United States,* T. D. 35223, G. A. 7700, 28 Treas. Dec. 389, this court (then the Board of General Appraisers), as early as March 12, 1915, held that so-called bicycle push bells were not parts of bicycles within the meaning of paragraph 120 of the Tariff Act of 1913.

In the later case of *United States* v. *Bosch Magneto Co.,* 13 Ct. Cust. Appls. 569, T. D. 41434 (which apparently is relied upon by counsel for the plaintiff), in which automobile horns and lamps were held to be parts of automobiles within the meaning of paragraph 369 of the Tariff Act of 1922, rather than as manufactures of metal under paragraph 399 of said act, counsel for the Government cited in support of the latter classification the case of *Mead Cycle Co. et al.* v. *United States, supra.* The appellate court said:

In the *Mead Cycle Co.* case, *supra,* cycle lamps, pump clips, pumps, push bells, and tool bags, were held to be accessories and not parts of bicycles. The difference in the manner of operating a bicycle and an automobile, and the results growing out of their inefficient operation are so different that it is at once apparent that the decision in the Mead case has little, if any, bearing on the facts at hand.

In other words, the appellate court distinguished the *Mead Cycle Co.* case and refused to disturb the classification established by this court, holding bicycle bells as accessories and not as parts of bicycles. From this it follows that at the time of the promulgation of the Presidential proclamation herein on June 24, 1931, bicycle bells were judicially held not to be parts of bicycles.

Moreover, in the instant case it is agreed that the merchandise herein consists of bicycle bells. In the absence of any proof establishing them as necessary and indispensable parts of bicycles they would certainly be properly classifiable under paragraph 364 of the Tariff Act of 1930 as bells. Therefore, in raising the duty upon certain bells, to wit, bicycle bells, from 50 to 70 per centum ad valorem the President was clearly acting within the authority vested in him by section 336 of said tariff act.

But in the instant case counsel for the Government in open court conceded that the imported bicycle bells are parts of bicycles. Also, it is disclosed by uncontradicted evidence that a bicycle cannot be operated within the State of New York without such a bell or some similar sounding device. This presents an entirely different situation from that which confronted the court in the case of *Mead Cycle Co. et al.* v. *United States, supra.*

The established facts herein, viewed in the light of the decision in *United States* v. *Bosch Magneto Co., supra,* would seem to require that these bells be deemed parts of bicycles, and as such classifiable under said paragraph 371. But are they not more specifically provided for in said paragraph 364 as bicycle bells, by virtue of said Presidential proclamation? We believe they are. We regard that classification as having been specially carved out of the provision for bells in said paragraph 364 which at the time of the promulgation of the proclamation included bicycle bells. To ignore that conclusion would leave the provision for bicycle bells wholly inoperative. Hence, even though these bells may be parts of bicycles, and, in the absence of the *eo nomine* provision therefor in said paragraph 364, would unquestionably be classifiable as such parts, nevertheless the manifest intent of the *eo nomine* provision was to cover just such bells and nothing else. It is therefore the more specific provision for such bells, and we so hold.

Hence all claims of the plaintiff are therefore overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.